# **EXHIBIT "A"**

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

JULY 2022   001912

E-Filing Number: 2207043077

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> JACKIE TAYLOR | **DEFENDANT'S NAME** <br> ROSS STORES, INC.,, ALIAS: ROSS DRESS FOR LESS |
| **PLAINTIFF'S ADDRESS** <br> 5516 WYALUSING AVENUE <br> PHILADELPHIA PA 19121 | **DEFENDANT'S ADDRESS** <br> 5130 HACIENDA DRIVE <br> DUBLIN CA 04568 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> ABC CORP. #1-10 |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 123 MAIN STREET <br> PHILADELPHIA PA 19102 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JUL 22 2022
S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

## TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JACKIE TAYLOR

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> GEOFFREY B. GOMPERS | ADDRESS <br> 1515 MARKET ST <br> SUITE 1650 <br> PHILADELPHIA PA 19102 |
|---|---|
| **PHONE NUMBER** (215)567-6600 | **FAX NUMBER** (215)567-1998 |
| **SUPREME COURT IDENTIFICATION NO.** <br> 42018 | **E-MAIL ADDRESS** <br> gompers@gomperslaw.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** <br> GEOFFREY GOMPERS | **DATE SUBMITTED** <br> Friday, July 22, 2022, 10:30 am |

FINAL COPY (Approved by the Prothonotary Clerk)

LAW OFFICES OF GEOFFREY B. GOMPERS & ASSOCIATES, P.C.
By: Geoffrey B. Gompers, Esquire
Identification No.: 015481985
1200 Laurel Oak Road-Suite 101
Voorhees, NJ 08043
856-663-2566
Attorney for Plaintiff, Jackie Taylor

*Filed and Attested by the Office of Judicial Records 22 JUL 2022 10:30 am S. RICE*

| JACKIE TAYLOR | : | COURT OF COMMON PLEAS |
| 5516 Wyalusing Avenue | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19121 | : | |
| | : | DOCKET NUMBER: |
| v. | : | |
| | : | |
| ROSS STORES, INC., i/t/a-d/b/a | : | |
| ROSS DRESS FOR LESS | : | |
| 5130 Hacienda Drive | : | |
| Dublin, CA 94568 | : | |
| and | : | |
| ABC CORP. #1-10 (fictitious name) | : | |

## NOTICE TO DEFEND

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta assentar una comparencia escrita a en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandate y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
    LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107-2911
(215) 238-6333

Case ID: 220701911

LAW OFFICES OF GEOFFREY B. GOMPERS & ASSOCIATES, P.C.
By: Geoffrey B. Gompers, Esquire
Identification No.: 015481985
1515 Market Street-Suite 1650
Philadelphia, PA 19130
215-567-6600
Attorney for Plaintiff, Jackie Taylor

| | |
|---|---|
| JACKIE TAYLOR<br>5516 Wyalusing Avenue<br>Philadelphia, PA 19121<br><br>v.<br><br>ROSS STORES, INC., i/t/a-d/b/a<br>ROSS DRESS FOR LESS<br>5130 Hacienda Drive<br>Dublin, CA 94568<br>    and<br>ABC CORP. #1-10 (fictitious name) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>DOCKET NUMBER: |

### PLAINTIFF'S CIVIL ACTION COMPLAINT

Plaintiff, Jackie Taylor, by and through her undersigned counsel, Geoffrey B. Gompers, Esquire, by way of Complaint against Defendants, does aver as follows:

1.  Plaintiff, Jackie Taylor [hereinafter Plaintiff] is an adult individual residing at the address set forth above.

2.  Defendant, Ross Stores, Inc., i/t/a-d/b/a Ross Dress for Less [hereinafter Ross] is, upon information and belief, a Delaware Corporation which operates retail stores throughout the country, including Philadelphia County with its corporate offices located at the address set forth above.

3.  At all times material hereto, the actions and/or inactions of Ross were performed or not performed by and through its duly authorized agents, servants, workmen and/or employees, who were then and there acting within the course and scope of their authority and employment and all for the benefit of Ross.

1

4. Defendants, ABC Corp. #1-10 [hereinafter ABC] are as yet unknown and unidentified business entities whose actual name(s), after a reasonable search to determine their actual name(s) was conducted, are presently unknown to Plaintiff and who are being sued under a fictitious name pursuant to Pennsylvania Rule of Civil Procedure 2005.

5. In spite of reasonable and diligent efforts by Plaintiffs and their counsel to ascertain the actual name and identity of ABC, or whether they are appropriate parties to this action, they have been unsuccessful in doing so.

6. At all times material hereto, the actions and/or inactions of ABC were performed or not performed by and through its duly authorized agents, servants, workmen and/or employees, who were then and there acting within the course and scope of their authority and employment and all for the benefit of ABC.

7. Ross and ABD are hereinafter collectively referred to as Defendants.

8. At all times material hereto, Defendants owned, operated, maintained, managed controlled, inspected and/or possessed the premises located at 141 Route 130 S., Cinnaminson, Burlington County, NJ, from which they operated a Ross Dress for Less Store.

9. At all times material hereto, Defendants were under a duty to exercise reasonable care to make their premises safe for persons such as Plaintiff and to provide such persons with adequate warning of any dangers or defects on their premises of which Defendants were aware or in the exercise or reasonable care of which Defendants should have been aware.

10. At all times material hereto, Defendants did create and/or allow a hazardous, dangerous and defective condition to remain on their premises described above; such condition more specifically consisting of a pool or puddle of clear liquid, believed to be water, on and about the floor of the said premises.

11. On September 4, 2021, at approximately 1:00 p.m., Plaintiff was present, as a business invitee, on Defendants' premises, when she was caused to fall and sustain serious personal injuries as a result of encountering the hazardous, dangerous and defective condition described herein.

12. Plaintiff believes and therefore avers, that Defendants, acting by and through their duly authorized agents, servants, workmen or employees as aforesaid, had or should have had actual and/or constructive notice of the existence of the hazardous, dangerous and defective condition.

13. In breach of their duties described herein, Defendants did, on the date referenced and for some time prior thereto, carelessly, negligently and/or recklessly allow and permit the hazardous, dangerous and defective condition to remain on their premises.

14. The accident or incident described herein and the injuries sustained by Plaintiff as a result of same, were caused solely, entirely and exclusively by virtue of the negligence of Defendants, acting as set forth herein, and were due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

15. The carelessness, negligence and/or recklessness of Defendants consisted of:

    a. failing to properly inspect the premises whereupon Plaintiff was caused to be injured;

    b. failing to correct and remove the hazardous, dangerous and defective condition of which they were aware or, in the exercise of reasonable care, of which they should have been aware prior to the accident described herein;

    c. failing to warn persons such as Plaintiff of the existence and presence of the hazardous, dangerous and defective condition on their premises;

    d.    failing to maintain their premises in a condition which would have protected and safeguarded persons such as Plaintiff and prevented the accident from ever occurring;

    e.    allowing and permitting the hazardous, dangerous and defective condition to remain on their premises so as to constitute a menace, danger and nuisance to persons such as Plaintiff;

    f.    disregarding the rights and safety of Plaintiff;

    g.    failing to exercise due care under the circumstances;

    h.    violating any and all applicable Federal, State and Local ordinances, statutes, and codes; and

    i.    being otherwise careless, reckless and negligent, the particulars of such carelessness, recklessness and negligence are presently not known to Plaintiffs, but which may be subsequently learned through the applicable discovery procedures set forth in the Rules of Court or which may be learned at trial.

16.    As a direct result of this accident, Plaintiff was caused to suffer and did sustain serious and permanent injuries to her head, neck, back, arms, legs, and body, in addition to serious and permanent injuries to the bones, muscles, tendons, ligaments, nerves, and tissues of her head, neck, back, arms, legs and body, such injuries including but in no way being limited to: acute pain due to trauma; cervicalgia; segmental and somatic dysfunction of the cervical, thoracic and lumbar spines; sprain and strain of the cervical and lumbar spines; complex tear of the lateral meniscus of the right knee requiring surgery; all of which injuries have in the past, and may in the future cause her great pain and suffering.

17. As a further direct result of this accident, Plaintiff has been or will be required to receive and undergo medical attention and care, and to expend various sums of money and to incur various expenses for the injuries she has suffered and she may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

18. As a further direct result of this accident, Plaintiff has suffered or may continue to suffer a severe loss of her earnings and impairment of her earning power and capacity.

19. As a further direct result of this accident, Plaintiff has suffered medically determinable physical and\or mental impairment which prevent her from performing all or substantially all of the material acts and duties which constitute her usual and customary activities.

20. As a further direct result of this accident, Plaintiff has or may hereafter incur other financial expenses which do or may exceed the amounts which she may otherwise be entitled to recover.

21. As a further direct result of this accident, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and she may continue to suffer from same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment against Defendants individually, jointly, severally and/or in the alternative, for monetary damages, fees and costs where applicable in excess of $50,000.00 together with any and all other relief permitted by law or which the Court may deem just.

## **JURY DEMAND**

Plaintiff demands a trial by jury of twelve Jurors.

LAW OFFICES OF GEOFFREY B. GOMPERS, P.C.

DATED: 7/21/22

BY: _____
GEOFFREY B. GOMPERS, ESQUIRE
Attorney for Plaintiff, Jackie Taylor

6

Case ID: 220701911

## VERIFICATION

_____, states that I am the Plaintiff named within; that I am acquainted with the information set forth in the foregoing CIVIL ACTION COMPLAINT; that the same are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Date: 7/30/22

_____ [signature]